Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | ) | CHAPTER 13 BANKRUPTCY |
|---|---|---|
| | ) | |
| TIMOTHY FARMER | ) | CASE NO. 2-09-bk-10681-HNM |
| xxx-xx-0251 | ) | |
| INGRID FARMER | ) | TRUSTEE'S EVALUATION AND |
| xxx-xx-8970 | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| Debtor(s) | ) | RE:  CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month.  Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Case can be discharged.  This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

-1-

Trustee's Recommendation
Case #09-10681
Page 2. . . . . . .

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Debtor(s) Plan payments are currently delinquent $250.50 with a payment of $501.00 coming due 9/17/09.

2.  The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on the petition date.

3.  Debtors' Plan proposes adequate protection to Countrywide Home. The Trustee objects. Adequate protection is provided to personal property depreciation to the secured creditors, specifically vehicles, whose property depreciates and may not be paid for several months through the Plan.

4.  Debtor(s) have received significant tax refunds for 2008 which if allowed to continue constitutes a diversion of disposable income. The Trustee requires Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly, and provide two consecutive pay stubs to verify this has been corrected, or <u>turn over tax returns and refunds beginning with 2009 through the duration of the Plan as</u> supplemental Plan payments.

5.  Debtor/husband appears to have a SRP bank account or unsecured debt which is not listed on Schedule B or D. The Trustee requires Schedule B to be amended, listing all bank accounts, or Schedule F and Master Mailing List to be amended, filed and copy provided to the Trustee.

    If Debtors owe money to the credit union, the Trustee requires these payments to be terminated immediately and Plan payments increased.

6.  The Trustee notes Debtor's payroll deduction for a retirement or 401k plan loan repayment. The Trustee requires documentation regarding the terms of the loan, current loan balance

-2-
Case 2:09-bk-10681-GBN    Doc 28    Filed 08/27/09    Entered 08/27/09 15:32:55    Desc
Page 2 of 4

and completion date. If installment payments cease prior to completion of the Chapter 13 Plan, the Trustee requires Plan payments to increase accordingly

7. The Trustee requires Debtor to provide documented verification of the following expenses: Medical ($200.00), Recreation/Direct TV/Internet ($$454.00). The Trustee requires documented evidence for the past 12 months to justify these expenditures and <u>Debtors to provide justification.</u> Where the documentation fails to support the scheduled expense, the Trustee will require an Amended Schedule J. Any increase in disposable income must be turned over to the Plan.

*Any documentation provided must be organized by category, month and legible.. Debtors are also obligated to justify the reason the Debtors can not sustain their living environment within the Trustee's guideline. If the Debtors fail to follow this guideline, the Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply.*

8. Debtors' Statement of Financial Affairs, item #1, is incomplete. The Trustee requires this document to be amended, filed and copy provided to the Trustee.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 8 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

| | |
|---|---|
| 1 | Copies of the foregoing mailed on this date See Electronic Signature Block to: |
| 2 | |
| 3 | Joseph Charles |
| 4 | P. O. Box 1737<br>Glendale, AZ  85311 |
| 5 | |
| 6 | Timothy and Ingrid Farmer<br>8733 W. Tuckey Lane<br>Glendale, AZ  85305 |
| 7 | |
| 9 | _____ |